IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00312-BNB

PATRICK ROSELLI,

    Applicant,

v.

WARDEN JULIE WANDS,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE
FOURTH AND FINAL AMENDED APPLICATION

---

    Applicant, Patrick Roselli, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Roselli initiated this action on February 6, 2012, by filing *pro se* an unsigned document titled "Orginal [sic] Action Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. & [sic] 2241 Request for TRO/PI Relief" (ECF No. 1).

    On February 10, 2012, the Court ordered Mr. Roselli to cure within thirty days certain deficiencies in the case by filing on the Court-approved form an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court also noted that Mr. Roselli must sign the amended application. On March 12, 2012, Mr. Roselli filed three amended applications (ECF Nos. 4, 5, and 6), two of which (ECF Nos. 4 and 5) resemble but are not identical to each other, and one of which (ECF No. 6) appears to be identical to the unsigned February 6 habeas corpus petition he originally filed.

The Court must construe liberally Mr. Roselli's filings because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Ponis will be ordered to file a fourth and final amended application.

Mr. Roselli has failed to cure the designated deficiencies within the time allowed.  The action will not be dismissed for that reason, however.  Instead, Mr. Roselli will be allowed one final opportunity to file a fourth and final amended application that includes a clear and concise statement of every claim he is raising in this action.  The fourth and final amended application must be a single, coherent document.  The Court will not consider any claims or arguments raised in separate amendments, supplements, motions, or other documents that are not included in the fourth and final amended application.

The fourth and final amended application must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the

federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires Mr. Roselli to go beyond notice pleading.  *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977).  He must allege specific facts to support each asserted claim.  Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Applicant, Patrick Roselli, file **within thirty (30) days from the date of this order** a fourth and final amended habeas corpus application that complies with this order.  It is

FURTHER ORDERED that Mr. Roselli shall obtain the Court-approved habeas corpus form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Roselli fails within the time allowed to file a fourth and final amended application that complies with this order as directed, the original petition (ECF No. 1) and amended applications he has filed with the Court (ECF Nos. 4, 5, and 6) will be denied, and the action dismissed without further notice.  It is

FURTHER ORDERED that process shall not issue at this time.

DATED March 19, 2012, at Denver, Colorado.

                                                  BY THE COURT:

                                                  s/ Boyd N. Boland
                                                  United States Magistrate Judge