IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00312-BNB

PATRICK ROSELLI,

    Applicant,

v.

JULIE WANDS, Warden,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Patrick Roselli, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Roselli filed *pro se* a fourth and final amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 8).

    On April 3, 2012, Magistrate Judge Boyd N. Boland ordered (ECF No. 10) Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On April 24, 2012, Respondent filed a preliminary response (ECF No. 17) arguing that this action should be dismissed for failure to exhaust administrative remedies. The Court entered minute orders on May 14, 2012 (ECF No. 20), May 31, 2012 (ECF No. 22), and June 20, 2012 (ECF No. 27), granting Mr. Roselli extensions of time to file a reply. On July 6 and 9, 2012, Mr. Roselli filed motions (ECF No. 28, 29, and 30), which the Court will treat as replies to the pre-answer response.

The Court must construe liberally the filings of Mr. Roselli because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Roselli claims three violations of his constitutional rights. First, he alleges that his Fourth, Fifth, and Eighth amendment rights were violated when his transfer to a residential re-entry center (RRC) was rescinded in violation of the Second Chance Act. ECF No. 8 at 2. Second, he alleges that his due process rights have been violated because he has been held in disciplinary segregation beyond the fifteen days he allegedly received as a result of unit disciplinary committee findings that he was in possession of contraband. *Id.* at 3. Third, he alleges that his First, Fourth, Fifth, and Eighth amendment rights were violated by unit disciplinary committee findings that he was in possession of contraband, which allegedly resulted in the loss of good-conduct time and his transfer to a RRC being rescinded. *Id.* at 3-4.

As relief, Mr. Roselli asks for a temporary restraining order or preliminary injunction enjoining Respondent from continuing to hold him in the special housing unit. He also asks for his release to the general prison population, home confinement, or immediately to an RRC. He asks for the same relief in the separate motion for a temporary restraining order and/or preliminary injunction (ECF No. 15) he filed on April 16, 2012, and supplemented on July 9, 2012 (ECF No. 31). Lastly, he asks for his disciplinary conviction to be expunged from his prison record.

Mr. Roselli claims he has exhausted administrative remedies regarding the unit

disciplinary committee's findings, loss of good-conduct time, and his transfer to a RRC being rescinded. ECF No. 8 at 2. However, Mr. Roselli alleges that staff misconduct prevented him from filing an administrative remedy concerning his continued disciplinary segregation because he was denied a BP-8 informal resolution form when it was requested. *Id.* Respondent contends, contrary to Mr. Roselli's assertions that he exhausted administrative remedies, that Mr. Roselli's claims should be dismissed for failure to do so.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Roselli. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15. With respect to prison disciplinary proceedings, exhaustion of administrative remedies requires an inmate to file an appeal initially to the regional director before pursuing a national appeal. *See* 28 C.F.R. § 542.14(d)(2).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.  "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2).  An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process.  28 C.F.R. § 542.17(a).  When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, the inmate is given a reasonable extension of time to correct the defect and resubmit the appeal.  28 C.F.R. § 542.17(b).  If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level.  28 C.F.R. § 542.17(c).  The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing.  *Id.*  The appeal of a rejection does not satisfy the exhaustion requirement unless the request is accepted for filing and a response is issued at the final administrative stage.  ECF No. 17, ex. A (Declaration of Theresa Montoya) at 4-5, ¶ 7.

Based on the BOP's administrative remedy records, Mr. Roselli has failed to exhaust administrative remedies for the claims asserted in his fourth and final amended application.  He has two administrative remedy requests pending review at the Central

Office level. ECF No. 17, ex. A at 5, ¶ 10. While both remedy requests involve appeals from the unit disciplinary committee findings that Mr. Roselli was in possession of contraband, neither of the disciplinary incidents on appeal resulted in loss of good-conduct time or disciplinary segregation. ECF No. 17, ex. A at 5, ¶ 10, and attachments 1 at 12 and 2 at 16. More importantly, because these remedy requests are pending a response, Mr. Roselli has not exhausted these remedy requests. ECF No. 17, ex. A at 5, ¶ 10.

On December 27, 2011, Mr. Roselli did appeal a disciplinary hearing that resulted in the loss of good-conduct time and disciplinary segregation. ECF No. 17, ex. A at 6, ¶ 11, and attachment 3 at 20. However, the appeal was rejected at the Regional Office level for various procedural defects. ECF No. 17, ex. A at 6, ¶ 11, and attachment 4 at 22. Mr. Roselli was given ten days to resubmit his appeal. ECF No. 17, ex. A at 6, ¶ 11. After resubmitting the appeal, it was again rejected for procedural defects, and Mr. Roselli was given ten days to resubmit his appeal. ECF No. 17, ex. A at 6, ¶ 11, and attachment 5 at 23. Mr. Roselli then appealed the rejection to the Central Office. ECF No. 17, ex. A at 6, ¶ 11. That appeal was rejected because it was filed at the wrong level. ECF No. 17, ex. A at 6, ¶ 11, attachment 6 at 24. Mr. Roselli did not resubmit his request or file any further appeals. ECF No. 17, ex. A at 6-7, ¶ 11, and attachment 3 at 21. As a result, this remedy request has not been exhausted.

On January 12, 2012, Mr. Roselli filed an administrative remedy request seeking transfer to the medium-security facility in Florence, Colorado, and to have his incident reports expunged. ECF No. 17, ex. A at 7, ¶ 12, and attachment 3 at 21. That remedy was rejected for procedural defects. ECF No. 17, ex. A at 7, ¶ 12, and attachment 7 at

25. Mr. Roselli appealed the rejection to the Regional Office, which rejected the appeal because it was filed at the wrong level. ECF No. 17, ex. A at 7, ¶ 12, and attachment 8 at 26. Mr. Roselli was given ten days to resubmit his request at the correct institution level first. *Id.* Mr. Roselli did not resubmit his request for file any further appeal. ECF No. 17, ex. A at 7, ¶ 12, and attachment 3 at 21. As such, this remedy request has not been exhausted.

On February 6, 2012, the same day Mr. Roselli initiated the instant action, he also filed an administrative remedy request to the Regional Office seeking information regarding why he was still in the special housing unit and requesting a transfer. ECF No. 17, ex. A at 7, ¶ 13, and attachment 3 at 21. That remedy was rejected because Mr. Roselli was required to file a request at the institutional level first. ECF No. 17, ex. A at 7, ¶ 13, and attachment 9 at 27. Mr. Roselli has not filed any further appeals on this issue. ECF No. 17, ex. A at 8, ¶ 13, and attachment 3 at 21. Although Mr. Roselli alleges that staff misconduct prevented him from filing a BP-8 informal resolution form concerning his continued disciplinary segregation, this lawsuit was filed on the same day he submitted the remedy request to the Regional Office. Therefore, Mr. Roselli has not exhausted this remedy request.

In addition, Mr. Roselli has not filed an administrative remedy request concerning his transfer to an RRC being rescinded in violation of the Second Chance Act. ECF No. 17, ex. A at 8, ¶ 14, and attachment 3 at 19-21.

After alleging that he exhausted administrative remedies in his fourth and final amended application (ECF No. 8 at 2), Mr. Roselli raises a futility argument in "Petitioners [sic] Motion for Leave to File Memo Contra and Memo Contra Respondent's

6

Preliminary Response" (ECF No. 28) filed on July 6, 2012, claiming that exhaustion should not be an issue in this case, *id.* at 2, because the BOP has predetermined the issues at bar, *id.* at 3, and because the BOP allegedly has interfered intentionally with unrelated attempts to exhaust, *id.* at 3 and affidavit at 6-7.

The exhaustion requirement may be waived if exhaustion would be futile. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). However, the futility exception is narrow. *See id.* "Futility exists where resort to [administrative] remedies is clearly useless." *DeMoss v. Matrix Absence Mgmt., Inc.*, 438 F. App'x 650, 653 (10th Cir. 2011). Furthermore, "conclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust." *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005). The Court is not persuaded by Mr. Roselli's conclusory assertions that exhaustion of administrative remedies would be futile.

In conclusion, the Court finds that Mr. Roselli has failed to exhaust administrative remedies for the claims he is raising in this action. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Roselli files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the fourth and final amended habeas corpus application is denied, and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 26th day of July, 2012.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court